UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROGERS JACKSON, JR.,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. ANTHONY RUMPH, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

05 Civ. 0271 (RCC)

ECF CASE

**JURY TRIAL DEMANDED**

       Plaintiff ROGERS JACKSON, JR., by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.	Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.	Plaintiff ROGERS JACKSON, JR. is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.	Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.	That at all times hereinafter mentioned, the individually named defendants P.O. ANTHONY RUMPH and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.	That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.	Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.	Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On September 29, 2004, at approximately 10:00 p.m., plaintiff ROGERS JACKSON, JR. was operating a vehicle on W. 115th Street between Seventh and Eighth Avenues, in the County, City and State of New York.

14. At aforesaid time and place, plaintiff ROGERS JACKSON, JR. was pulled over by members of the New York City Police Department.

15. Defendants searched the vehicle without plaintiff ROGERS JACKSON, JR.'s consent.

16. No contraband was recovered.

17. Defendants handcuffed plaintiff ROGERS JACKSON, JR. and, within view of numerous individuals, unzipped his jeans and looked down the front.

18. Defendants then transported plaintiff ROGERS JACKSON, JR. to a narcotics hub of the New York City Police Department, on Frederick Douglass Boulevard and 147th Street, in Manhattan, New York.

19. While at the narcotics hub, plaintiff ROGERS JACKSON, JR. was subjected to an unlawful strip search.

20. As a result of the foregoing, plaintiff ROGERS JACKSON, JR. sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees,

were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff ROGERS JACKSON, JR. of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983:  PERSON

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants strip-searched plaintiff ROGERS JACKSON, JR. in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

29. As a result of the foregoing, plaintiff ROGERS JACKSON, JR. was subjected to an illegal and improper strip search.

30. The foregoing unlawful strip search violated plaintiff ROGERS JACKSON, JR.'s constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983:  VEHICLE

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants searched plaintiff ROGERS JACKSON, JR.'s vehicle in the absence of probable cause to believe that the vehicle contained weapons or contraband

33. As a result of the aforesaid conduct by defendants, plaintiff ROGERS JACKSON, JR.'s vehicle was illegally and improperly searched without any probable cause, privilege or consent.

34. The foregoing unlawful search violated plaintiff ROGERS JACKSON, JR.'s constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) making pretextual stops of African-American motorists in order to search their vehicles, and b) unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that

said individuals were concealing weapons or contraband

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROGERS JACKSON, JR..

39.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROGERS JACKSON, JR. as alleged herein.

40.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ROGERS JACKSON, JR. as alleged herein.

41.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ROGERS JACKSON, JR. was unlawfully strip-searched and his vehicle was unlawfully searched.

42.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROGERS JACKSON, JR.'s constitutional rights.

43.     All of the foregoing acts by defendants deprived plaintiff ROGERS JACKSON, JR. of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from unlawful search of his person;

        C.     To be free from unlawful search of his vehicle;

        D.     Not to have cruel and unusual punishment imposed upon him; and

        E.     To receive equal protection under the law.

44.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum

of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff ROGERS JACKSON, JR. demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           January 12, 2005

                                                          _____s/_____
                                                          ROSE M. WEBER (RW 0515)
                                                          225 Broadway, Suite 1608
                                                          New York, NY 10007
                                                          (212) 748-3355